**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50353
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AARON CORDOVA-AZPEITIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2507-3

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Aaron Cordova-Azpeitia (Cordova) appeals the sentence imposed following his guilty plea conviction for conspiracy to import cocaine, importation of cocaine, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine. Cordova argues that the district court clearly erred in denying him a two-level reduction in his offense level because he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a minor participant. He argues that he was only a courier who never handled the narcotics and did not know the recipient.

Under U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant in the criminal enterprise. In order to qualify for the adjustment, the defendant must have been "substantially less culpable than the average participant" or peripheral to the success of the enterprise. *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (quoting § 3B1.2, comment. (n.3(A)). Cordova had previously traveled from Mexico to Denver, Colorado, with two of the same co-conspirators to deliver vehicles loaded with narcotics in the same manner. Cordova admitted that he knew the vehicles were loaded with cocaine and that he was the driver on at least one of the trips. These facts suggest that Cordova was neither peripheral to the advancement of the offense, nor substantially less culpable than his co-conspirators. *See United States v. Brown*, 54 F.3d 235, 241 (5th Cir. 1995); *Villanueva*, 408 F.3d at 203. Cordova has failed to show that the district court's conclusion was not plausible in light of the record as a whole and, therefore, has failed to show that the district court clearly erred. *See Villanueva*, 408 F.3d at 203-04.

AFFIRMED.